IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PATRICIA A. BERLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-09-917-D |
| | ) | |
| ROBERT FRANK BANKS, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff, appearing *pro se* and *in forma pauperis*, filed this action on August 20, 2009, submitting extensive documents filed in the District Court of McClain County, Oklahoma in Case No. 09-460. She also submits documents filed in the District Court of Garvin County, Oklahoma in Case No. FD-2006-235, and documents apparently filed in connection with a San Diego, California court proceeding. In the Civil Cover Sheet accompanying her Complaint, Plaintiff references a "related case" pending before the Honorable Charles Gray, Case No. CV-09-460, District Court of McClain County, Oklahoma.

The Complaint does not state a basis for jurisdiction in the federal court, nor does it request any relief from this Court. It alleges that the defendant has "parentally kidnaped the minor child" by "lying to Garvin County Court" and to the District Attorney of San Diego, California.[1]

The extensive documents submitted with the Complaint indicate that there is an ongoing proceeding in at least one Oklahoma district court and that Plaintiff is seeking relief from that court.

---

[1] Included in the many documents filed by Plaintiff is a copy of the Parental Kidnaping Prevention Act, 28 U.S.C. § 1738A; however, Plaintiff does not reference that Act in the Complaint, nor does she attempt to assert a claim thereunder. Even if she had done so, her effort would be futile, as there is no private right of action in federal court under the Act. *Thompson v. Thompson*, 484 U.S. 174, 186 (1988).

This Court has no authority or jurisdiction to interfere with ongoing state proceedings, nor does it have jurisdiction to review a state court decision. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-88 (2005) (citing *Dist. Of Columbia Ct. Of App. v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16 (1923)). The federal court may not intervene in a pending state civil court proceeding , nor does it have jurisdiction to review a state court judgment. *Id.* " A complaint seeking review and reversal of a state-court judgment is properly dismissed." *Jackson v. Davidson*, 272 F. App'x 722, 723 (10th Cir. 2008) (unpublished) (citing *Mann v. Boatright*, 477 F. 3d 1140, 1145 (10th Cir. 2007)). Review of a state court judgment must instead be pursued through the appellate processes available for the state in which the judgment was rendered.

Accordingly, the Court concludes that this action must be, and is, dismissed for lack of federal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Because Plaintiff may have further rights available in the state courts, the action is dismissed without prejudice.

IT IS SO ORDERED this  2nd   day of October, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

2